IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| COLLEEN GIBLIN, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 5:20-CV-477 [LEK/TWD] |
| v. | ) ) ) | **COMPLAINT** |
| | ) | **JURY TRIAL DEMAND** |
| LE MOYNE COLLEGE | ) ) | |
| Defendant. | | |

## NATURE OF THE ACTION

This is an action alleging violations of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 794 et seq. and §§ 701 et seq. ("Rehabilitation Act") and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq. ("ADA"), the New York State Division of Human Rights Law, N.Y. Exec. L. §§ 290, et seq. ("NYSHRL") to correct unlawful and discriminatory practices on the basis of disability and to provide appropriate relief to Plaintiff Colleen Giblin, an employee who was adversely affected by such practices, and ultimately terminated from her employment. As alleged with greater particularity herein-below, Plaintiff alleges that Defendant discriminated against Colleen Giblin, who is a qualified individual with a disability, when it failed to provide reasonable accommodation for Plaintiff's qualified disability and when it subjected Plaintiff to materially adverse conditions, including loss of employment, while employed by Defendant Le Moyne College ("Le Moyne"), an entity that receives Federal funding.

1

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. Sec.701, et seq., and 794(a); 42 U.S.C. Sec. 3613; 28 U.S.C. Sec. 1331; and 28 U.S.C. Sec. 1343.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of New York, Syracuse Division.

3. Venue of this action in the United States District Court for the Northern District of New York is proper pursuant to 28 U.S.C. § 1391(b) because the Plaintiff was employed and subjected to employment discrimination in the Northern District, and a substantial part of the events giving rise to these claims, occurred here.

4. All conditions precedent to the filing of this lawsuit have been met. Plaintiff timely filed a charge of disability discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). Federal Charge Number 525-2020-00498.

5. After duly investigating the foregoing Complaint, the EEOC issued a "Right To Sue" letter dated January 30, 2020. (Attached as Exhibit "**A**").

6. Plaintiff files the instant Complaint within 90 days from her receipt of the "Right To Sue" letter she received from the EEOC.

## PARTIES

7. Plaintiff, Colleen Giblin, is an individual and resident of Onondaga County, New York, who was employed at times relevant hereto by Defendant Le Moyne College as an Assistant Professor.

2

8. Defendant, Le Moyne College is an institution of higher education and a college located in the city of Syracuse, New York, County of Onondaga and has continuously had at least 15 employees.

9. Defendant Le Moyne is an institution offering programs or activities within the meaning of the Rehabilitation Act insofar as Defendant Le Moyne College receives the requisite amount of federal funding which subjects it to suit and possible liability under the Rehabilitation Act of 1973.

10. Le Moyne College conducts business in the State of New York, within the jurisdiction of the Northern District of New York, Syracuse Division.

11. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

## STATEMENT OF CLAIMS

12. More than thirty days prior to the institution of this lawsuit, Colleen Giblin filed a charge with the EEOC alleging disability discrimination against Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

13. In or around July 2016, Plaintiff saw a job posting at Le Moyne for Assistant Professor of Marketing for which she applied and was ultimately hired.

14. Le Moyne offered her the position on December 2, 2016, based on her qualifications for the role, and her academic year appointment began in August 2017.

15. Plaintiff suffers from attention deficit hyperactivity disorder ("ADHD"), a disability which substantially limits her concentration.

16. Defendant knew about Plaintiff's ADHD diagnosis before it terminated her employment, but not when it hired her.

17. Plaintiff's record of achievement confirms that she was at all relevant times and remains capable of producing at a more than satisfactory level despite her disability.

18. Plaintiff was a Tenure-Track Assistant Professor of Marketing at Le Moyne College from June 1, 2017 to June 30, 2019.

19. During her employment as a Tenure-Track Assistant Professor of Marketing at Le Moyne College from June 1, 2017 to June 30, 2019, Plaintiff sometimes required a reasonable accommodation of extended time to complete particular tasks due to the variability in attention and focus caused by her disability.

20. Le Moyne's original posting for the Assistant Professor of Marketing position stated that the College would consider "candidates who are ABD ["All But Dissertation"] and reasonably expected to complete their doctoral degree within 12 months of appointment."

21. At that time, Plaintiff indeed expected to complete her doctoral degree by August of 2018, within twelve months of her August 2017 appointment.

22. However, in March of 2018, Plaintiff requested an extension from her doctoral institution, Carnegie Mellon University ("Carnegie Mellon") of the time required to complete her PhD degree requirements due to limitations imposed by her disability.

4

23. On March 20, 2018, Carnegie Mellon granted this request as a reasonable accommodation for her ADHD disability, extending the deadline for Plaintiff to defend her dissertation from May 2018 to December 2018.

24. Plaintiff timely notified Defendant Le Moyne College of Carnegie Mellon's granting of her extension request.

25. In response, on March 28, 2018, Le Moyne College issued a contract renewal appointment letter for the 2018-2019 academic year allowing Plaintiff until February 28, 2019, to earn her doctoral degree.

26. On December 11, 2018, Plaintiff presented her dissertation defense and planned to graduate that month from Carnegie Mellon, consistent with Le Moyne's requirement that she complete her doctoral degree by February 2019.

27. The dissertation committee ultimately voted not to grant Plaintiff her Ph.D., allegedly because of the experimental results of her studies.

28. On or about January 4, 2019, Plaintiff successfully appealed the decision by the dissertation committee, and Carnegie Mellon committed to working with Plaintiff on a "positive path forward" to earn her doctoral degree by May 20, 2020.

29. One of the primary bases of Plaintiff's successful appeal was that the dissertation committee's decision improperly factored in Plaintiff's disability and associated accommodations, in violation of the ADA and the Rehabilitation Act of 1973.

30. Plaintiff informed Le Moyne College of the foregoing on March 7, 2019, via email addressed to James Joseph, Dean of Le Moyne's Madden School of Business.

31. Nevertheless, on March 29, 2019, Dean Joseph informed Plaintiff that Le Moyne College was terminating Plaintiff's tenure-track contract because she still had not earned her doctoral degree.

32. Given that Plaintiff had successfully appealed Carnegie Mellon's dissertation committee's decision, after arguing in her appeal that the decision was unlawfully influenced by her disability and her need for reasonable accommodations, Le Moyne should have and easily could have provided Plaintiff with another extension of time to obtain her doctoral degree.

33. In failing to offer Plaintiff another extension of time to obtain her doctoral degree, Le Moyne College perpetuated Carnegie Mellon's initial disability discrimination against Plaintiff, thereby violating the ADA and the Rehabilitation Act of 1973 as well as NYSHRL which proscribed disability discrimination.

34. On April 9, 2019, Plaintiff met with Karin Botto, Le Moyne's Assistant Vice President of Human Resources, and requested, as a reasonable accommodation, an extension of time to obtain her doctoral degree so that she could remain in her tenure-track position.

35. Ms. Botto responded by stating that Le Moyne had already accommodated her and questioned whether granting an additional accommodation was reasonable.

36. On May 15, 2019, Plaintiff escalated her request and met with Joseph Marina, Le Moyne's Provost, to discuss her reasonable accommodation request.

37. Father Marina, like Ms. Botto, stated that Le Moyne College had already accommodated her, including by hiring her as an ABD.

38. Plaintiff disputed this characterization, citing that: 1) Le Moyne's own job posting allowed for the hiring of an individual as an ABD; and 2) Le Moyne was not aware of Plaintiff's disability at the time of the job posting and the job posting was in no way specifically tailored to Plaintiff or her disability.

39. On May 24, 2019, Father Marina emailed Plaintiff stating that he reviewed the job posting at issue, and while the description affirmed that ABD applicants were welcome to apply, the posting still required completion of the doctorate within twelve months of appointment.

40. Father Marina stated that because Plaintiff had not met that requirement, Le Moyne would not continue Plaintiff's employment for the following academic year.

41. An earned doctoral degree was *not* required to hold the position of "Assistant Professor" at Le Moyne College, and the first contract Plaintiff signed dated December 6, 2016 made no mention of any deadline to obtain her doctoral degree.

42. Even if Le Moyne's March 2018 extension of time for Plaintiff to obtain her doctoral degree constituted an accommodation, this prior accommodation would not and did not absolve Le Moyne of its ongoing obligation to provide continued accommodations as needed.

43. As a result of Le Moyne's denial of Plaintiff's April 2019 reasonable accommodation request for an extension of time obtain her doctoral degree, her contract was terminated, and Plaintiff was rendered unemployed.

44.     Based on the foregoing, Plaintiff can establish a *prima facie* case of disability discrimination for failure to accommodate.

45.     Plaintiff's disability of ADHD is tantamount to a physical or mental impairment that substantially limits one or more major life activities.

46.     There existed with Le Moyne College a record of Plaintiff's impairment, and she was, during her employment (but after being hired) regarded as having such an impairment.

47.     Plaintiff suffered from a mental impairment, attention deficit hyperactivity disorder ("ADHD"), a disability which limits her in several major life activities, including concentrating and thinking.

48.     Plaintiff's disability of ADHD is a "qualified" disability under the ADA and in accordance with New York State law.

49.     Le Moyne College was clearly on notice of Plaintiff's disability as she explicitly stated that her request for an extension of time to earn her doctoral degree while still remaining in her tenure-track position was a reasonable accommodation for her disability.

50.     Plaintiff made it very clear to Defendant Le Moyne College that with this accommodation, she could continue to perform the essential functions of her position.

51.      Plaintiff did not actually need her doctoral degree to perform the essential functions of her position.

52. The first-year performance report that Le Moyne issued Plaintiff in October 2018 commended her performance and stated that she had made "progress toward tenure/promotion" despite the fact that she had yet to obtain her doctoral degree.

53. Le Moyne's requirement that Plaintiff actually obtain her doctoral degree by February 28, 2019, was not tantamount to an essential function of her position, as can be gleaned.

54. Plaintiff provided Le Moyne with clear documentation of the fact that she was on pace to obtain her doctoral degree from Carnegie Mellon by May 2020 after her successful appeal of the dissertation committee's December 2018 decision not to award her with her degree at that time.

55. Nevertheless, Le Moyne denied Plaintiff's reasonable accommodation request and terminated her employment.

56. As additional evidence of discriminatory motive, on March 29, 2019, Dean Joseph had offered to Plaintiff a visiting position for the Fall 2019 semester. The College's discriminatory and retaliatory animus is further highlighted by the fact that Dean Joseph did not follow through on that offer, despite the fact that the College had a clear need for Plaintiff's services, as will be proven at or before trial, given that Defendant ultimately covered those courses only by overloading the schedules of Plaintiff's colleagues.

57. Le Moyne's reasons for failing to accommodate Plaintiff are not supported by the facts of this case.

58. Defendant failed to engage in the required interactive process with Plaintiff despite that legal obligation to do so each time an employee makes a reasonable accommodation request.

59. That Le Moyne may have previously granted a reasonable accommodation request to Plaintiff did not absolve Defendant from its refusal to consider Plaintiff's further reasonable accommodations requests.

60. Le Moyne failed in its duty to engage in the interactive process with Plaintiff to try to provide her with a reasonable accommodation.

61. As previously noted in the instant Complaint, Plaintiff provided Le Moyne notice of her successful appeal with Carnegie Mellon on the grounds that the dissertation committee's decision was unlawfully influenced by her disability and need for reasonable accommodations.

62. Le Moyne essentially used an employment contract to bargain away Plaintiff's right to have her employer Le Moyne College engage in the interactive process with her.

63. The protections enshrined in civil rights statutes such as the ADA preempt Plaintiff's employment contract provisions, to the extent there is a conflict.

64. Plaintiff is otherwise qualified for her position; for example:1) Le Moyne acknowledged that Plaintiff's performance was solid and of a high enough level to put her on the path to tenure/promotion; and 2) the reason that Le Moyne terminated Plaintiff's employment was because she did not have her doctoral degree; a delay related to her disability but one that Plaintiff was nevertheless on the "positive path" to addressing by May 2020, as affirmed by Carnegie Mellon.

65. The requirement that Plaintiff obtain her doctoral degree by February 28, 2019, was artificially imposed upon her by Le Moyne rather than one genuinely tied to Plaintiff's ability to perform the essential functions of her position.

66. To date, Le Moyne has never provided any reason; legitimate or otherwise, why having to wait until May 2020 to obtain her doctoral degree somehow rendered her unable to perform the essential functions of her position.

67. Defendant scornfully discriminated against Plaintiff on the basis of disability when it failed utterly to engage in the required interactive process and instead affirmatively took steps to oust Plaintiff.

68. In doing so, defendant maliciously and scornfully discriminated against Plaintiff based upon her disability in an unequivocal violation of the ADA and Section 504 of the Rehabilitation Act of 1973, and NYSHRL.

69. The effect of the practices complained of herein-above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee, because of her disability, and to otherwise have subjected her to emotional distress and physical and mental impairments for which emotional distress damages are justified.

70. The unlawful employment practices complained of herein-above above were intentional.

**Count I: Disability Discrimination in Violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 794 et seq. and §§ 701 et seq.:**

71. Defendant discriminated against Plaintiff, a disabled employee who suffered from a qualified disability when, because of Plaintiff's membership in said protected class, subjected

11

her to adverse conditions in employment as set forth hereinabove, thus causing her joblessness, pecuniary harm, emotional distress damages as well as out of pocket costs.

72. Plaintiff was able to perform the essential functions of her job with or without a reasonable accommodation pursuant to the Rehabilitation Act. Defendant violated the Rehabilitation Act when it failed to engage in the interactive process and provide Plaintiff with a reasonable accommodation for her disability, and ultimately terminated her employment because of her disability and requests for reasonable accommodation.

73. Plaintiff is an individual with a disability within the meaning of Section 504 of the Rehabilitation Act statute because she was otherwise qualified for her position and to continue employment with Le Moyne College, and she suffered an adverse employment action because of her disability; and finally, Le Moyne College receives federal funding.

**Count II: Disability Discrimination in Violation of Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq. ("ADA"):**

74. Defendant discriminated against Plaintiff, a disabled employee who suffered from a qualified disability when, because of Plaintiff's membership in said protected class, subjected her to adverse conditions in employment as set forth hereinabove, thus causing her joblessness, pecuniary harm, emotional distress damages as well as out of pocket costs.

75. Plaintiff was able to perform the essential functions of her job with or without a reasonable accommodation pursuant to the Americans with Disabilities Act. Defendant violated the Americans with Disabilities Act when it failed to engage in the interactive process and provide Plaintiff with a reasonable accommodation for her disability, and ultimately terminated her employment because of her disability and requests for reasonable accommodation.

### **Count III: Disability Discrimination in Violation of N.Y. Exec. Law, art. 15 and New York State Division of Human Rights Law, N.Y. Exec. L. §§ 290, et seq. ("Human Rights Law"):**

76.     Defendant discriminated against Plaintiff, a disabled employee who suffered from a qualified disability when, because of Plaintiff's membership in said protected class, subjected her to adverse conditions in employment as set forth hereinabove, thus causing her joblessness, pecuniary harm, emotional distress damages as well as out of pocket costs.

77.     Plaintiff was able to perform the essential functions of her job with or without a reasonable accommodation pursuant to the NYSHRL. Defendant violated the N.Y. Exec. L. §§ 290, et seq. when it failed to engage in the interactive process and provide Plaintiff with a reasonable accommodation for her disability, and ultimately terminated Plaintiff's employment because of her disability and requests for reasonable accommodation.

### **Count IV: Retaliation in Violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 794 et seq. and §§ 701 et seq.:**

78.     Defendant unlawfully retaliated against Plaintiff in violation of the Rehabilitation Act of 1973 when it failed to offer Plaintiff a Visiting Position despite that on March 29, 2019, Dean Joseph had unequivocally and unconditionally offered to Plaintiff a visiting position for the Fall 2019 semester.

79.     The decision to reverse the foregoing offer of employment occurred shortly after Plaintiff met with Joseph Marina, Le Moyne's Provost, on May 15, 2019, and requested, as a reasonable accommodation, an extension of time to obtain her doctoral degree so that she could remain in her tenure-track position.

Case 5:20-cv-00477-LEK-ATB   Document 1   Filed 04/28/20   Page 14 of 18

80. The College retaliated against Plaintiff by rescinding the job offer, shortly after Plaintiff sought accommodations from Defendant despite the fact that the Defendant Le Moyne College had a clear need for Plaintiff's services.

81. Since Plaintiff made her accommodation requests in April and May of 2019, Defendant Le Moyne has not given any indication that she is under consideration for any future employment opportunity, nor has there been evidence that any alternate accommodation that might have enabled her to remain employed in any capacity or was actually considered by the College.

82. In July 2019, a job advertisement was reposted for Plaintiff's former position, "Tenure-track Assistant Professor of Marketing", so as to solicit new applications.

83. Plaintiff completed an application and submitted it by the posted deadline, but the College never even considered Plaintiff for the position in retaliation for her seeking accommodations in April and May of 2019.

84. Defendant scornfully and intentionally retaliated against Plaintiff so egregiously as to warrant an order of punitive damages.

**Count V: Retaliation in Violation of Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq. ("ADA"):**

85. Defendant unlawfully retaliated against Plaintiff in violation of the ADA when it failed to offer Plaintiff a Visiting Position despite that on March 29, 2019, Dean Joseph had unequivocally and unconditionally offered to Plaintiff a visiting position for the Fall 2019 semester.

86. The decision to reverse the foregoing offer of employment occurred shortly after Plaintiff met with Joseph Marina, Le Moyne's Provost, on May 15, 2019, and requested, as a

reasonable accommodation, an extension of time to obtain her doctoral degree so that she could remain in her tenure-track position.

87. The College retaliated against Plaintiff by rescinding the job offer, shortly after Plaintiff sought accommodations from Defendant despite the fact that the Defendant Le Moyne College had a clear need for Plaintiff's services.

88. Since Plaintiff made her accommodation requests in April and May of 2019, Defendant Le Moyne has not given any indication that she is under consideration for any future employment opportunity, nor has there been evidence that any alternate accommodation that might have enabled her to remain employed in any capacity was actually considered by the College.

89. In July 2019, a job advertisement was reposted for Plaintiff's former position, "Tenure-track Assistant Professor of Marketing", so as to solicit new applications.

90. Plaintiff completed an application and submitted it by the posted deadline, but the College never even considered Plaintiff for the position in retaliation for her seeking accommodations in April and May of 2019.

91. Defendant scornfully and intentionally retaliated against Plaintiff so egregiously as to warrant an order of punitive damages.

**Count VI: Retaliation in Violation of N.Y. Exec. Law, art. 15 and New York State Division of Human Rights Law, N.Y. Exec. L. §§ 290, et seq. ("Human Rights Law"):**

92. Defendant unlawfully retaliated against Plaintiff in violation of the New York State Human Rights Law when it failed to offer Plaintiff a Visiting Position despite that on

15

March 29, 2019, Dean Joseph had unequivocally and unconditionally offered to Plaintiff a visiting position for the Fall 2019 semester.

93. The decision to reverse the foregoing offer of employment occurred shortly after Plaintiff met with Joseph Marina, Le Moyne's Provost, on May 15, 2019, and requested, as a reasonable accommodation, an extension of time to obtain her doctoral degree so that she could remain in her tenure-track position.

94. The College retaliated against Plaintiff by rescinding the job offer, shortly after Plaintiff sought accommodations from Defendant despite the fact that the Defendant Le Moyne College had a clear need for Plaintiff's services.

95. Since Plaintiff made her accommodation requests in April and May of 2019, Defendant Le Moyne has not given any indication that she is under consideration for any future employment opportunity, nor has there been evidence that any alternate accommodation that might have enabled her to remain employed in any capacity was actually considered by the College.

96. In July 2019, a job advertisement was reposted for Plaintiff's former position, "Tenure-Track Assistant Professor of Marketing", so as to solicit new applications.

97. Plaintiff completed an application and submitted it by the posted deadline, but the College never even considered Plaintiff for the position in retaliation for her seeking accommodations in April and May of 2019.

98. Defendant scornfully and intentionally retaliated against Plaintiff so egregiously as to warrant an order of punitive damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff respectfully requests that this Court:

  A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against disabled employees, including from discriminating against qualified individuals with a disability when seeking reasonable accommodation for said qualified disability, or perceived disability in the workplace.

  B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for disabled employees, and which provide equal employment opportunities for qualified individuals with a disability, which eradicate the effects of its past and present unlawful employment practices.

  C. Grant affirmative injunctive relief to Plaintiff by ordering Defendant Employer to rehire Plaintiff to her tenure track position as Assistant Professor with Defendant Employer at the appropriate rate of pay and with the appropriate fringe benefits.

  D. Order Defendant Employer to make whole Colleen Giblin by providing appropriate back pay, lost wages, and lost fringe benefits, with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

  E. Order Defendant Employer to make whole Colleen Giblin by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described herein-above, including but not limited to: wages, medical expenses, attorney's fees and all other out of pocket and anticipated expenses in amounts to be determined at trial.

  F. Order Defendant Employer to make whole Colleen Giblin by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices,

including the discrimination complained of herein-above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

    G.    Order Defendant Employer to pay punitive damages as permitted by both State and Federal law to punish Defendant for Defendant's intentional, premeditated and malignant conduct when it knowingly discriminated and retaliated against Plaintiff.

    H.    Grant such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised by her complaint.

Respectfully Submitted,

S:/ James D. Hartt
**Bar #516129
JAMES D. HARTT, ESQ.
Attorney For Plaintiff**

**6 N. Main Street, Suite 200F
Fairport, NY 14450
Telephone: (585) 490-7100
Fax: (716) 299-2006**

ORIGINAL filed this 27th Day
of April, 2020 with:
The Clerk of the Federal District Court
Northern District, New York